We have six cases on the calendar this morning, a veterans case, three patent cases from District Courts, a case from the Court of Federal Claims, and an employee case from the AmeriCorps Systems Protection Board. The latter two are submitted on the briefs and will therefore not be argued. And our first case is Roberto Sanchez-Navarro v. the Secretary of Veterans Affairs, 2014, 7039, Ms. Simpson. Good morning, Deanne Bonner Simpson on behalf of the opponent, Roberto Sanchez-Navarro. If it pleases the Court, the question before the Court today is whether the Court of Appeals for Veterans Claims erred by failing to comply with a statute or regulation when it did not order a VA exam in accordance with the duty to assist the veteran in establishing his claim for service-connected PTSD under 38 CFR 3.304F3, which applies to claims that are as a result of stressors caused by a fear of hostile military or terrorist activity. The VA is required under 38 U.S.C. 5103A to assist veterans in obtaining evidence necessary to substantiate their claim. Included in that evidence is a medical examination when it's necessary to make a decision on the claim. In addition... I guess the question is, since he would be advantaged if he'd had an examination by a VA psychiatrist or psychologist in the sense that his burden of proof would be lessened as to whether that made it necessary to have such an examination. The question is really whether the duty to assist... Well, what's wrong with the way I stated it? Nothing, Your Honor. This seems to be a case of first impression in that respect, so how do we know what necessary means in the regulation? Sure. Why it's necessary is because in order to be granted benefits for PTSD generally, you have to have a diagnosis of PTSD, and you have to have a nexus opinion from a medical professional, which is to say there has to be a connection between the stressors that the stressors are corroborated. But in instances where veterans are exposed to a fear of hostile military or terrorist activity, and that is the cause of the stressor, as you said, the lay testimony is sufficient. But only when a VA psychiatrist or psychologist or one contracted with VA says, gives a medical opinion that the stressors are adequate to support a diagnosis of PTSD, and that the stressors are consistent with the time, place, and type of circumstances of the veteran's service. But isn't this a factual inquiry over which we don't have jurisdiction? I don't think so, Your Honor, because the question is really whether the statute of the duty to assist should be followed in these cases. And the reason why it should is because under 3.304F3, without this VA psychiatrist or psychologist opinion, any other PTSD diagnosis is useless because the veteran can only receive benefits under 3.304F3 if the VA gives this opinion. So without it, it cannot be granted under 3.304F3. But what if it made a difference? Because it seemed as though the board and the CADC were saying that his recounting of the circumstances of the stressor simply weren't credible. So even if he had a psychologist or psychiatrist examination, wouldn't he still have lost because of that credibility determination? The credibility question, excuse me, Your Honor, went more to the VA counselor who inadvertently wrote in the record that the veteran was a Korean War veteran, but nothing else was different. All of the stressors have been consistent from the beginning of this claim. The veteran served in Korea at the DMZ from 1958 to 1959. He served as a tanker. He personally witnessed hearing shots going across both sides of the border. He was aware of soldiers being killed on both sides of the DMZ. He witnessed soldiers injured at the DMZ when he was in the hospital for an ear infection. He saw people who were injured as a result of hostile military action. And so the credibility question, not only did they say that it was because this doctor misstated that he was in the Korean War when the veteran has never said that. In fact, the veteran has always said that he was at the DMZ from 1958 to 1959. In addition, the credibility question is a bit tenuous because the BVA and then the CABC adopted this reasoning, said that he should have mentioned hearing shots at his auditory So they said that on his other claims, he never said anything about PTSD. Well, even under the Federal Rule of Civil Procedure 803-7, the hearsay exception, there's nothing in the record that establishes that any veteran would mention having heard a gunshot in an auditory. It's not relevant to his hearing exam. And the accident- And again, you're getting into the record. I am. And you have a jurisdictional limitation. Yes, Your Honor. In order to answer the question, Judge Lake's question, I wanted to address that. And I agree that it is a factual determination, but why it's important- Then the question becomes whether that factual determination would resolve the case. In other words, even if he were right that they should have had a psychiatrist or a psychologist examination, he still would have lost. I mean, the provision that you're relying on says, provided that the claim stressor is consistent with the places, types, and circumstances of veteran service. Don't we have a determination by the VA that the claim stressor is not consistent as required and that that's a factual determination so that even if he'd gotten the requested exam, he still would have lost? I mean, that seems to me to be the problem. I think no, because they didn't really get to that question. They just said, we're not going to rely on it. So the question of whether the stressors are consistent with the type, place, and circumstance of the service hasn't been addressed. And it specifically hasn't been addressed in accordance with the provision which applies to this veteran's claim. Not only that, but the Court of Appeals for Veterans Claims in 2011 remanded this case specifically to be adjudicated under 3.304 F3. And then the board's decision adjudicated under 3.304 F2. And then the court adopted the board's decision. No one has adjudicated it under 3.304 F3. And if they had, they should have found that in order for this claim to even be granted, in fact, the board addresses this and so does the court. The opinion that he had was from a counselor from VA who later completed his courses and became a VA psychologist. But at the time that he wrote this, he was a counselor. I just want to make sure. Your argument as to why this case is within our jurisdiction hinges on the proposition that when someone comes in under 3.304 F3A that they are always entitled to a medical exam, a psychiatric exam? The duty to assist dictates that that's the case because that is necessary. But that's your legal argument. Correct, Your Honor. Okay. That's why you say the case falls within our jurisdiction. Correct. And that is the statutory and regulatory error that was committed below because it is 5103A, which says the VA has a duty to assist a veteran, says that they must assist a veteran in establishing evidence necessary to substantiate the claim. And one of those types of evidence is a medical exam when it's necessary to make a decision on the claim. But the statute says the secretary shall treat the examination as necessary if the evidence of record contains competent evidence, actually. It does. And it also says that if the information and evidence of record does not contain sufficient medical evidence to decide the claim. So this court below, the CAVC, has conceded that the PTSD diagnosis is valid. So the medical evidence is competent in this case. And so we have the first factor met, that there is a PTSD diagnosis for this veteran. But under 3.304F3, in order to be granted benefits, it is legally required that the VA psychiatrist or psychologist must provide an opinion as to whether the stressors are adequate to support a diagnosis of PTSD and whether they're consistent with the time, place, and type of circumstances of his service. So even with the competent medical opinion, which is in the record, and the CAVC conceded that he is diagnosed with PTSD, the board did as well. But without the second part of this, which can only come from VA, cannot come from anywhere else, the law requires it. And the veteran must rely on VA to give this to him. So without it, and that is definitely part of the denial through the procedural steps of this case, that there's no VA psychiatrist or psychologist opinion in the record talking about whether his stressors are adequate to support the PTSD diagnosis and whether they're consistent with the time, place of service. So in order for him to even be granted benefits, that's legally required. He can't get it on his own. The VA is required to help the veteran establish his claim and provide the evidence necessary when it's the medical evidence. And under 3.159C4, when the record is not sufficient and there's competent medical evidence, we need to do that. So that is why, going back to Judge Sell's question, that is why this is a legal error, not an application of the law to the facts. I reserve the rest of my time for rebuttal. We will do that. Ms. Simpson? Ms. Ashman? May it please the Court. Your Honors, Mr. Sanchez-Navarro. Suppose that the veterans hypothetically were correct, that necessary means that if you're going to adjudicate under F3 that the government has to provide, the VA has to provide, an examination by a psychiatrist or a psychologist. I know you disagree with that. We'll get to that later. But if the veteran is correct about that, don't we have to remand for adjudication under F3? If the Court were to agree that an examination were part of the service-connected element under the regulation, then, yes, there has been no such examination by a VA psychiatrist in this case, Your Honor. So if there were such an examination, the veteran might win? No, Your Honor. No? No, Your Honor. Under the regulation 3.304, a veteran who is claiming PTSD based on fear of imminent hostile activity, the veteran's lay testimony can be given a liberal treatment if there has been a VA, if a VA psychiatrist has done two things. First, confirmed that the claim stressors are adequate to support a PTSD diagnosis. And second, that the symptoms that the veteran is exhibiting are linked to those stressors that he's telling the doctor. So if there were such a determination, why wouldn't the veteran win? Your Honor, because under the regulation, there's a third step that the VA adjudicators must decide. And that's, as Your Honor pointed out earlier, it's the clause that says, even after the VA psychiatrist has made these two findings, there's a clause that says, provided the claim stressor is consistent with the places, types, and circumstances of the veteran's service. The VA, the medical professional, is not competent to make that determination. Okay. But is your contention that that determination has already been made by the Board and CAVC? Yes, Your Honor. We believe that the Board… How do we know that they focused on that language? Because I'm not sure that I saw them focusing on that language. Your Honor, we'll agree that it's not entirely clear that they made their finding right under this language. But we would point to, in the Board's decision at pages 10 and 11 of this decision, and at page 25 and 26 of the government's brief, there is a lengthy discussion, particularly beginning on the top of page 11, explaining that the veteran's service, the circumstances of the veteran's service… Where does this meet exactly in the Board? Where in the appendix? Your Honor, it's the Board's decision at page 10 and 11 of the Board's decision, and in the government's appendix… But where in the appendix? The supplemental appendix attached to the government's brief, Your Honor. And which pages there? 25 and 26. Okay. And I'm specifically looking at the top of page 26 of the appendix and page 11 of the Board's decision. And, Your Honor, it begins the very first paragraph. The board states, While the veteran has provided a chronology of provocations by North Korea from 1950 to 2003 in support of this claim, there is no indication that any such provocation occurred at the time and location he was stationed there. Although the chronology identifies several incidents of provocations, there are none shown to have occurred during the period from November 1958 to November 1959. And the Board continues to discuss the circumstances we believe can be fairly characterized as a discussion of the circumstances of this veteran's service juxtaposed against the specific claims that he is claiming as stressors in this case. So we believe that the Board did make… Your Honor, it seems to fall short of a finding that it's inconsistent with the places, types, and circumstances of the service. I mean, the fact that there wasn't any notation of an incident is not conclusive, is it? Your Honor, it was conclusive on the record that was before the Board. And, Your Honor, we agree that the Board did not make these findings immediately after discussing the specific provision in 3.304F that says that the claim stressors have to be consistent with the veteran's service. But we believe a fair reading of what the Board's weighing of the evidence is that the veteran's claims as stressors were not, in fact, based on the record, consistent with the facts of his service, Your Honor. Okay. So what about the legal issue, whether it's necessary to have an examination by a psychiatrist or psychologist when the veteran's trying to come under F3? We believe it's not – we believe it's only necessary – it would only be necessary if the veteran satisfies this proviso that provided. I understand, but let's assume for the moment that either he has satisfied it or we don't know whether he's satisfied it, and the VA needs to address that question. Let's assume for the moment that we have to address the legal issue. Why is the veteran wrong about the interpretation of the regulation? We believe the veteran was wrong about the interpretation of the regulation because it was not – the veteran was not incorporating the proviso portion into it. But if – that the veteran was saying essentially that the medical – But I'm asking you to put that aside. Let's assume that the proviso was satisfied. Okay. Does such an examination then become necessary as a legal matter? In that case, yes, Your Honor, because the – so long as the record showed as the hypothetical or what we're assuming the record shows that the claim stressors were consistent with the veteran's service, then there would need to be a VA psychiatrist or psychologist to make those other determinations of linking the stressors to his symptoms and making a medical determination that those types of symptoms are sufficient to support a PTSD claim. But in this case, Your Honor, we believe that it's the proviso portion of the regulation that's not satisfied, and we believe that the Board did sufficiently make a determination, a factual determination, that the veteran's – the circumstances of the veteran's service were not consistent with the claim stressors in this case. Your position when faced with a claim advanced under this regulation, that the first step in the process on the part of the VA should be to go to the proviso and see if those requirements are met, and then, based on that determination, either say there should be an exam or there need not be an exam. Is that the analytical approach that should be followed, do you think? We believe so, Your Honor, because it's also a practical approach when we consider limited resources available to the VA of ordering medical examinations for every veteran's claim that is presented to it, that there should be some way of looking at a claim that's presented and determining on the record, yes, this does merit the commitment of further resources and times by VA medical professionals to continue to look at this claim. So we believe that proviso is a fair initial assessment that should be made on the record, the evidence that's presented to the regional office. Well, fair enough, but the problem is that our cases say that when there's an ambiguity in the record, that this has come up in the harmless error context. I think Judge Shaw, in fact, wrote one of the opinions that we said, well, we're not going to decide whether a finding could or should be made under this record. We're going to send it back to the CAVC or the board to make a determination as to whether that factual predicate or lack of factual predicate exists. So isn't this a situation in which reading the CAVC opinion and the board's opinion, we're not sure whether they really addressed the proviso? Shouldn't we be sending it back to have them see if the proviso was or was not satisfied? No, Your Honor, because we believe that reading the board's factual findings, that just based on those factual findings, whether or not those factual findings are sufficient, that a fair reading of the factual findings shows that the board did not believe or the board found that the circumstances were not consistent. Yeah, but the problem is that they didn't directly address the proviso. So we're left a bit up in the air as to whether they did resolve that issue or they didn't resolve that issue. We agree that the board's decision does not read as clear setting out their findings directly below the proviso. However, in the end, was the judgment correct? And if the record supports the judgment of the factual judgments, the factual conclusions support the judgment that the circumstances were not consistent with the Veterans Service, then we believe that it should be. Even if there is some question of did the board make its factual findings directly following or specifically highlighting the proviso, the conclusion supports the judgment. But I think in other fact-finding contexts, such as jury trial, the fact that the record might support a particular result doesn't mean that you should assume that the jury reached that result unless the record compels that kind of finding. And that's not something we're supposed to do is to find out whether the record compels a finding that the proviso is satisfied. We would agree with that, Your Honor. What we would, in this case, is the VA's position that the board's record does sufficiently support the ultimate judgment in this case. Mr. Crashman, just to sort of bring you directly up against Ms. Simpson's argument, she basically, as I understand it, was saying that whenever the veteran makes a claim under this regulation, 3.304F3A, is that it? Yes, Your Honor. Okay. That he or she is automatically entitled to an exam. Okay. You would say that entitlement to an exam only arises if the proviso requirements are met. Yes, Your Honor. So that's how you would answer her legal argument, correct? Yes, Your Honor. And we would also point out that that proviso is also consistent with the duty-to-assist statute, which also says, under 551.03A.D.2, it says before you order a medical examination, there has to be some review of record facts to show that there was some corroboration of the claim or the occurrence of an in-service stressor. Now, thinking more generally a little bit perhaps, assume we had a case that came before us under this analytical structure that you set forth where the board was presented with such a claim. It looked at the case and said the requirements of the proviso aren't met, hence no exam. And then there was an appeal to the CAVC, which affirmed, and then it came up here. You would say that we would not have jurisdiction to look at a determination on whether the proviso was met because that's an application of law to fact. Is that correct? Correct, Your Honor. That would be – I mean, I'm thinking – I'm just thinking down the road a bit to understand the parameters here. Yes, Your Honor. The determination of whether the proviso is met under the regulation or rather the duty – in a similar scenario, the duty to assist statute, it's a record review, and that's committed to the board and then the VA as the ultimate – But only if they made a determination under the proviso. Yes, Your Honor. And if the court has no further questions, we respectfully request that the court affirm the Veterans Court judgment in this case. Thank you. Thank you, Mr. Ashman. Ms. Simpson has a couple minutes left, almost three to rebut. Thank you, Your Honor. In response to the appellee's argument, a few points. First, to the extent that the VA must also make the determination with respect to the stressors being consistent with the time, place, and circumstances of service. This has to be made based on the entire record, all of the evidence. Until the duty to assist is complied with, the record is not complete because evidence necessary to establish the claim is not there. The VA ultimately makes the determination. I don't quibble with that. However, the VA regularly uses C&P examinations as part of their determination. That's why C&P, a compensation-based examination. I'm sorry to interrupt you, but we're getting towards the end of the argument. I just wanted to – Mr. Ashman says, look, when you have a situation like this, the first step is to look to see if the proviso is met. Then if the proviso is met, you go on to the exam process. He says that's consistent with the language of the regulation and also manpower availability and so forth. What is wrong, in your view, with that analytical approach? The problem with that is that the procedure is flipped. In my estimation, the VA cannot make a decision until it has the entire record developed. In fact, that's what the regulation says. They have to make the decision based on the entire record. If this evidence is necessary to establish the claim under 3.304F3, which it is, then it should be obtained first so that the VA can determine whether the stressor is consistent with the time, place, and circumstance of service. But the psychiatrist or psychologist is not making a determination of whether the proviso is satisfied, right? No. The VA, there are two determinations. Yes, they're not making that determination? They're not making the final determination. They're not determining whether the proviso is satisfied? Correct. That would be for the VA, depending on what level it is. But why does the VA need the medical opinion to make the determination as to whether the proviso is satisfied? Because that evidence is necessary to establish the claim, and all evidence must be reviewed before that can be made. And to the extent that the medical record, the medical evidence is in the record, getting that requirement under McClendon is a very low threshold, which is that it may be related to service. There's nothing that says it has to be shown with 100% proof. With that, Your Honors, I would ask the court to find that the duty to assist applies to claims under 3.304F3 and to remand, vacate the lower course decision and remand the case consistent with that finding. Thank you. Ms. Simpson, the case will be taken on revising.